UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| PHILIP L. ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. ED CV 13-00684-DFM<br><br>MEMORANDUM OPINION AND ORDER |

　　Plaintiff Philip Robinson ("Plaintiff") seeks judicial review of the Commissioner's final decision denying his application for disability insurance benefits. For the reasons stated below, the Commissioner's decision is reversed and the matter is remanded for further proceedings.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

　　Plaintiff filed his application for disability insurance benefits on July 20, 2010, alleging disability beginning September 1, 2007. In an unfavorable decision, the Administrative Law Judge ("ALJ") concluded that Plaintiff was not disabled because he could perform work that exists in significant numbers

in the national economy. Administrative Record ("AR") 27-38.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ erred in failing to properly consider the September 2, 2011 report of the United States Department of Veterans Affairs ("VA"), which granted Plaintiff entitlement to individual unemployability. See Plaintiff's Motion for Summary Judgment ("Pltf's MSJ") at 3; Defendant's Cross-Motion for Summary Judgment ("Deft's MSJ") at 3.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

///

## IV.

## DISCUSSION

Plaintiff alleges that the ALJ erred in failing to consider the VA's second assessment of Plaintiff, issued on September 2, 2011, which granted Plaintiff entitlement to individual unemployability effective November 29, 2010. Pltf's MSJ at 3-8 (citing AR 118-25). Although the ALJ considered a 2010 VA disability rating which did not find Plaintiff unemployable, the ALJ did not specifically address the VA's 2011 assessment. See AR 27-38.

The ALJ must "ordinarily give great weight to a VA determination of disability." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002) (reversing a denial of benefits because the ALJ "failed to consider the VA finding and did not mention it in his opinion"). While a VA disability decision "does not necessarily compel the SSA to reach an identical result, … the ALJ must consider the VA's finding in reaching his decision," because of the similarities between the VA disability program and the Social Security disability program. Id. However, because the two federal programs are not identical, "the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." Id. Furthermore, an "ALJ [is] justified in rejecting the VA's disability rating on the basis that she had evidence the VA did not, which undermined the evidence the VA did have," because "the acquisition of new evidence or properly justified reevaluation of old evidence constitutes a 'persuasive, specific, and valid reason … supported by the record' under McCartey for according little weight to a VA disability rating." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 695 (9th Cir. 2009).

Here, the VA's first disability rating, issued on August 31, 2010, did not find Plaintiff unemployable, but rather granted Plaintiff a service connected disability rating of 20% for hypertension and 50% for obstructive sleep apnea.

3

AR 551-53. In contrast, the VA's second disability rating decision, issued September 2, 2011, granted Plaintiff entitlement to individual unemployability, effective November 29, 2010. AR 118. The 2011 VA decision granted Plaintiff a service connected disability rating of 50% for depressive disorder, 10% for left knee chrondromalacia patella, 10% for right knee chrondromalacia patella, 50% for obstructive sleep apnea, and 20% for hypertension. AR 118-25.

In his decision, the ALJ noted that Plaintiff's attorney argued at the administrative hearing that the VA found Plaintiff unemployable, an assertion which the ALJ found to be a "mischaracterization" of the VA's decision. AR 35. However, it appears from a review of the record and the administrative hearing transcript that Plaintiff's attorney was referring to the VA's September 2011 decision, which did in fact grant Plaintiff entitlement to unemployability, see AR 45-46, while the ALJ's decision addressed the VA's earlier rating, see AR 35 (citing AR 551-53). Therefore, it is clear that the ALJ did not specifically address the VA's September 2, 2011 decision.

The Commissioner concedes that the ALJ failed to address the VA's 2011 decision, but argues that any error was harmless because the ALJ relied upon evidence which the VA did not consider, namely a consultative examination by Dr. Nizar Salek and indices that Plaintiff's subjective symptom testimony was not entirely credible. Deft's MSJ at 9-10. Although an ALJ may disregard a VA rating if the ALJ considers evidence which the VA did not or if the VA rating is based upon evidence which the ALJ rejects, Valentine, 574 F.3d at 695, this presupposes that the ALJ actually considers the VA rating and provides legitimate reasons for rejecting it. Here, the ALJ did not. He relied solely upon the VA's 2010 decision and ignored the 2011 decision. This constitutes reversible error. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) (reversing and remanding where ALJ erred in relying upon only one VA disability rating and ignoring another VA decision which found that the

claimant was entitled to individual unemployability).

Accordingly, the case is remanded so that the ALJ may address the VA's September 2, 2011 decision. On remand, "the ALJ is not compelled to adopt the conclusions of the VA's decisions wholesale, but if [he] deviates from final VA decisions, [he] may do so based only on contrary evidence that is 'persuasive, specific, valid' and supported by the record." Id. (citing McCartey, 298 F.3d at 1076).

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

Dated: October 31, 2013

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge